# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-395V
Filed: September 18, 2025

| | |
|---|---|
| IVELEARIS TERESA COLON MERCADO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Roberto E. Ruiz-Comas,* RC Legal and Litigation Services LLC, Guaynabo, PR, for petitioner.
*Debra A. Filteau Begley,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 7, 2020, Ivelearis Teresa Colon Mercado ("petitioner") filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered injuries, including bilateral optical neuritis and/or Neuromyelitis Optica Spectrum Disorder, as a result of her April 28, 2017 human papillomavirus, hepatitis A, hepatitis B, and Pneumococcal Conjugate vaccinations. Petition at 1. On August 23, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 72.)

On December 16, 2024, petitioner filed a motion for attorneys' fees and costs. (ECF No. 75) ("Fees App.") Petitioner requests attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$169,122.78, representing $122,325.00 in fees and $46,797.78 in costs. Fees App. at 2-5, Exhibits ("Exs.") A-C. Petitioner indicates that she did not personally any costs in pursuit of this claim. Fees App. at 3. On December 23, 2024, respondent filed a response to petitioners' motion. (ECF No. 97.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 5. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application.

2

*Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner request the following rates of compensation for her attorneys: for Mr. Roberto Ruiz-Comas: $360.00 per hour for work performed in 2019, $370.00 per hour for work performed in 2020, $380.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $410.00 per hour for work performed in 2023, and $430.00 per hour for work performed in 2024; and for Ms. Maria Morell: $260.00 per hour for work performed in 2019, $270.00 per hour for work performed in 2020, $280.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, $310.00 per hour for work performed in 2023, and $330.00 per hour for work performed in 2024. Fees App. at 2; Ex. A. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

After reviewing the submitted billing records, I find that a reduction in the attorneys' fees billed in this case is necessary for several reasons.

First, I note that none of the entries on the attorneys' invoice indicate which attorney performed the task billed. To substantiate a request for attorneys' fees, contemporaneous timesheets showing how many hours were billed on a specific task, *and at what hourly rate*, are necessary. Vaccine Rules, Second Supplement to Appendix B (1) Attorney's Fees. The Vaccine Guidelines further explain that "[c]ontemporaneous time records should indicate the date and specific character of the service performed, the number of hours (or fraction thereof) expended for each service, *and the name of the person providing such service*. Guidelines for Practice Under the National Vaccine Injury Compensation Program, § X, Ch. 3(B)(1)(b). Without knowing which attorney performed each billed task, it is difficult to substantiate its reasonableness.

3

Nevertheless, petitioner's counsel billed for time performing tasks that are traditionally handled by paralegals. Although the billing records indicate that Petitioner's counsel does not utilize a paralegal, it has been consistently held in the Vaccine Program that tasks that can be completed by a paralegal or legal assistant should not be billed at an attorney's rate. *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. Jun. 15, 2009). In this case, counsel billed time for preparing letters to medical providers, corresponding with providers regarding medical records, translating documents and forms, preparing exhibit lists and statements of completion, reviewing translations of medical records, and corresponding with the expert about the receipt of the retainer. *See* Fees App. Ex. A at 2-8, 10-11, 19, 23.[3] In my experience, these tasks are typically performed by paralegals or non-attorney staff (e.g., reviewing translation accuracy). Applying the paralegal rates to the respective years billed, this time will be awarded at the following rates: 5.6 hours at $135.00 per hour for work performed in 2019,11.4 hours at $140.00 per hour for work performed in 2020, 10.5 hours at $145.00 per hour for work performed in 2021, 0.7 hours at $155.00 per hour for work performed in 2023, and 1.2 hours at $160.00 per hour for work performed in 2024. This results in a reduction of **$6,702.00**.

Additionally, Petitioner's counsel billed approximately 5.6 hours for administrative tasks, which are not compensable under the Vaccine Program.[4] It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). This results in a reduction of **$2,142.00**.

A further issue with the billing entries is the frequent use of block billing, where several discrete tasks are combined into one large entry. For example, on October 20, 2021, counsel billed one hour for "Drafting of Motion - Fourth Amended Exhibit List and compilation of these new exhibits; Telephone conference with Maria Morell related to exhibit list." Fees App. Ex. A at 11. While drafting a motion is a compensable task, attorneys should not bill for time spent compiling exhibits. By engaging in block billing, I

---

[3] There were many instances where attorneys a billed for paralegal tasks including entries on July 8, 2019, July 10, 2019, August 27, 2019, January 14, 2020, April 10, 2020, April 17, 2020, May 1, 2020, July 7, 2020, December 28, 2020, December 29, 2020, August 29, 2021, October 7, 2021, October 20, 2021, March 27, 2023, March 29, 2023, February 5, 2024. This list is not exhaustive.

[4] For example, a non-exhaustive list of these entries includes: "Meeting with attorney Morell by ZOOM to go through all the documents to be included in the filing; each exhibit to be included in the exhibit list; documents to be identified to be translated" on January, 30, 2020; "Preparation of Exhibits and third amended exhibit list…" on March 29, 2021; "Preparation of Notice of Intent to File and Index of Medical Literature Articles to support expert report downloading articles into portable CD" on May 9, 2022. *See* Fees App. Ex. A at 4, 5, 9, 15.

cannot determine how much time was spent on the compensable task versus the time on the non-compensable, administrative task.

Finally, I find that the number of hours petitioner's counsel expended on certain aspects of this case was simply excessive. Notably, counsel spent approximately 50 hours reviewing medical records and over 70 hours studying and reviewing medical articles.

Considering counsel's excessive billing and block billing, I find that a 10% reduction in the requested attorneys' fees is reasonable and appropriate. This results in a further reduction of **$11,348.10**.[5] This results in a reduced attorneys' fees award of $102,132.90.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $46,797.78 in attorneys' costs. Fees App. at 2-5. These costs are comprised of acquisition of medical records, the Court's filing fee, process server, power of attorney fee, and notary office inspector fees, postage, and expert fees. *See* Fees App. Ex. A at 26; Exs. A1-A14. Dr. Dean Cestari billed at a rate of $550.00 per hour for 26 hours, totaling $9,300.00. Fees App. Ex. B. Dr. Omid Akbari billed at a rate of $550.00 per hour for 56 hours, totaling $30,500.00. Fees App. Ex. C. Dr. Akbari's rate requires an adjustment.

Dr. Akbari has consistently been awarded an hourly rate of $500 for his work in the Program. *See Bristow v. Sec'y of Health & Human Servs.*, No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing prior cases in which Dr. Akbari has been awarded a rate of $500 per hour in the Vaccine Program). In prior decisions, I and other special masters have denied Dr. Akbari's request for an increased hourly rate of $550 and instead found $500 per hour to be a more appropriate rate given his experience and credentials. *See e.g., Jenkins v. Sec'y of Health & Human Servs.*, No. 18-1946V, 2025 WL 2218830, at *6 (Fed. Cl. Spec. Mstr. July 11, 2025); *Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2021 WL 2285295, at *4 (Fed. Cl. Spec. Mstr. May 10, 2021); *Baker v. Sec'y of Health & Human Servs.*, No. 21-1869V, 2025 WL 1513417, at *4-5 (Fed. Cl. Spec. Mstr. Apr. 29, 2025) (Dorsey); *Reinhardt v. Sec'y of Health & Human Servs.*, No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (Oler); *Nieves v. Sec'y of Health & Human Servs.*, No. 18-1602V, 2023 WL 7131801, *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023) (Corcoran).

Petitioner points to one case where Dr. Akbari was awarded the requested rate of $550 per hour. *See* Fees App. at 5, n. 3 *citing Robertson v. Sec'y of Health & Human Servs.*, No. 18-0554V, 2024 WL 1599577, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2024). However, as the cases cited above indicate, special masters have more often awarded a

---

[5] Given the reductions with respect to the adjusted hourly rate for paralegal tasks and for the non-compensable administrative tasks, this reduction is calculated from the reduced amount of $113,481.00.

lower rate for Dr. Akbari. Notably, the total amount Dr. Akbari billed in this case ($30,500.00) is nearly as much as the total amount the *Robertson* petitioner was awarded for all costs, inclusive of reports by two experts. While Dr. Akbari's opinion clearly contributed to the outcome of this case, it was overlong for the issues at stake in the case, indicating that he did not operate with the focus and efficiency expected of experts receiving the highest hourly rates. This results in a reduction of **$2,800.00**.

I find that the remaining costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded $43,997.78.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $146,130.68, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).